[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11732

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS JERMAINE VAUGHN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 7:20-cr-00306-LSC-SGC-1

_____

Before JORDAN, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Thomas Vaughn appeals the 120-month sentence imposed after Vaughn pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Vaughn's advisory guidelines range was calculated as 27 to 33 months' imprisonment. Vaughn argues that his above-guidelines sentence is substantively unreasonable because the district court failed to consider adequately mitigating factors and the need to avoid unwarranted sentencing disparities. No reversible error has been shown; we affirm.

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in 18 U.S.C. § 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a)(2). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range,

policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1), (3)-(7).

When a sentence is above the guidelines range, we may "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

At Vaughn's sentencing hearing, the district court discussed Vaughn's "extensive" criminal record, which included 15 adult convictions between 1992 and 2018. The district court noted that eight of those convictions (including convictions for third-degree assault, for possession of a short-barreled rifled, and for discharging a gun into an unoccupied building) were not reflected in Vaughn's guidelines calculation because they were too old. The district court thus determined that the advisory guidelines range underrepresented Vaughn's criminal history.

The district court next discussed Vaughn's more recent convictions (those occurring between 1999 and 2018) for which Vaughn did receive criminal history points. Those convictions included three convictions for third-degree domestic violence and convictions for discharging a gun into an occupied vehicle, for violating a domestic violence protective order, and for unlawful possession of a firearm. The district court also pointed out that Vaughn's arrest in this case occurred only five months after Vaughn pleaded guilty to unlawful possession of a firearm in an unrelated state case.

After reviewing Vaughn's criminal history, the district judge remarked that Vaughn "absolutely ha[d] no interest in following the law" and described Vaughn as a "serious violent offender." Given Vaughn's pattern of violent crimes -- including several gun-related convictions -- the district court found it likely that Vaughn would continue to possess and to use guns upon his release from prison. The district court concluded that an above-guidelines sentence of 120 months was appropriate given Vaughn's history and characteristics and given the need to protect the public from future crimes. The district court also said expressly that it had considered Vaughn's history of mental health struggles.

Given the totality of the circumstances -- including Vaughn's violent criminal history -- the district court determined reasonably that a sentence of 120 months was necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to provide adequate deterrence, and to protect the

public. Although Vaughn was sentenced substantially above his advisory guidelines range of 27 to 33 months, we have affirmed as reasonable upward variances of a similar degree, particularly in cases involving extensive and violent criminal records. *See United States v. Overstreet*, 713 F.3d 627, 631, 639 (11th Cir. 2013) (affirming a 420-month sentence for being a felon in possession of a firearm where the advisory guidelines range was 180 to 188 months); *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) (affirming an upward variance to 210 months from a guidelines range of 78 to 97 months based on the defendant's history of violent offenses); *Shaw*, 560 F.3d at 1239-41 (affirming as reasonable a 120-month sentence for being a felon in possession of a firearm -- an upward variance over 3 times the applicable guideline range of 30 to 37 months -- based chiefly on the defendant's criminal history and recidivism).

Vaughn argues that the district court failed to weigh properly the section 3553(a) factors and failed to consider adequately certain mitigating factors. The record demonstrates, however, that the district court considered evidence and argument (presented in the pre-sentence investigation report, in Vaughn's sentencing memorandum, and during the sentencing hearing) about Vaughn's childhood, learning disability, limited education, and mental health issues, including his schizophrenia diagnosis and treatment. We stress that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in

weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).   That the district court afforded more weight to some aggravating factors than it did to other mitigating factors does not make Vaughn's sentence unreasonable.   S*ee Rosales-Bruno*, 789 F.3d at 1254 ("[T]he sentencing court is permitted to attach 'great weight' to one factor over others." (quotation marks omitted)).

Nor did the district court focus single-mindedly on one section 3553(a) factor.  Vaughn's extensive and violent criminal record was pertinent to the district court's assessment of several of the section 3553(a) factors.  *See United States v. Riley*, 995 F.3d 1272, 1280 (11th Cir. 2021) ("[W]hen a court chooses to give 'substantial weight' to a defendant's criminal record, that choice is 'entirely consistent with § 3553(a)' because five of that section's factors are related to criminal history.").  When -- as in this case -- a defendant has "repeatedly engaged in violence and crimes involving firearms, it is eminently reasonable for a district court to weigh that criminal history heavily in the sentencing decision." *See id*.  In addition, the district court also discussed expressly the need to protect the public and the nature and circumstances of the instant offense, including that Vaughn was arrested for possessing a gun mere months after pleading guilty to unlawful possession of a firearm in an unrelated case.

We also reject Vaughn's argument that the district court abused its discretion by creating an unwarranted sentencing disparity.  Vaughn has identified no similarly-situated defendant who

received a shorter sentence than he did and -- instead -- relies exclusively on statistical data. This kind of generalized evidence is insufficient to demonstrate an unwarranted disparity. *See United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011) (concluding that the defendant's sentence created no unwarranted disparity compared with the sentences of defendants convicted of similar crimes elsewhere in the nation because "a sentence imposed in this circuit is [not] subject to a national grade curve"); *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (rejecting defendant's unwarranted-sentencing-disparity argument when defendant failed to identify a similarly-situated defendant who received a lesser sentence).

On this record, Vaughn has failed to show that his above-guidelines sentence was substantively unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors." *See Shaw*, 560 F.3d at 1238.

AFFIRMED.